IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. ______________________________

**COURTNEY GREER**,

Plaintiff,

v.

**BUCKSKIN'S SALOON, LLC**, a Colorado Limited Liability Company; and
**LON ALLEN BALE**, individually, and in his official corporate capacity,
**LAURA BALE**, individually, and in her official corporate capacity,

Defendants.

---

**COMPLAINT**

---

Plaintiff, Courtney Greer ("Plaintiff"), individually, sues the Defendants, Buckskin's Saloon LLC ("Defendant Buckskin's), Lon Allen Bale, and Laura Bale (collectively, the "Defendants"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for the Defendants' failure to pay Plaintiff all earned minimum wages.

2. Defendants have a policy or practice of paying certain employees, including Plaintiff, sub-minimum hourly wages under the tip-credit provisions of

the FLSA and the Colorado Minimum Wage Act ("CMWA"), Colorado Revised Statutes ("C.R.S.") Title 8, Article 6.

3. Under the tip-credit provisions of the FLSA and the CMWA, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations. The Defendants paid Plaintiff according to the tip credit provisions of the FLSA and the CMWA.

4. Defendants enforced a policy or practice of requiring Plaintiff to perform work after she clocked out for her shifts for Defendants, which violated the FLSA and the Colorado Minimum Wage Act. Such work consisted of approximately between one and two hours per shift, every shift, that Plaintiff worked for the Defendants.

## JURISDICTION AND VENUE

5. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States. This Court also has subject matter jurisdiction under 28 U.S.C. § 1367 because this civil action also arises under Colorado law.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiffs and the Collective Members occurred within the District of Colorado, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

8. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

9. At all relevant times, Plaintiff is an individual residing in Douglas County, Colorado, and is a former employee of Defendants.

10. Plaintiff was employed by Defendants as a server from approximately August 13, 2017 through approximately September 22, 2017.

11. At all material times, Plaintiff was paid by Defendants as a tipped employee under the FLSA and the CMWA.

12. At all material times, Plaintiff was an employee of the Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

13. At all material times, Plaintiff was an employee of the Defendants as defined in the CMWA, C.R.S. § 8-4-101(5) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

14. At all material times, Defendant Buckskin's Saloon LLC was a limited liability company duly licensed to transact business in the State of Colorado.

15. At all material times, Defendant Buckskin's Saloon LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Douglas County, Colorado.

16. At all materials times, Defendant Buckskin's Saloon LLC is Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

17. At all materials times, Defendant Buckskin's Saloon LLC is Plaintiff's "employer," as defined by the CMWA, C.R.S. § 8-4-101(6).

18. At all materials times, Defendant Lon Allen Bale is Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

19. At all materials times, Defendant Lon Allen Bale is Plaintiff's "employer," as defined by the CMWA, C.R.S. § 8-4-101(6).

20. At all materials times, Defendant Laura Bale is Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

21. At all materials times, Defendant Laura Bale is Plaintiff's "employer," as defined by the CMWA, C.R.S. § 8-4-101(6).

22. At all relevant times throughout Plaintiff's employment, Buckskin's Saloon LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate

and method of payment, and maintained employment records in connection with Plaintiff's employment with Buckskin's Saloon LLC. As a person who acted in the interest of Buckskin's Saloon LLC in relation to the company's employees, Buckskin's Saloon LLC is subject to liability under the FLSA.

23. Defendant Lon Allen Bale has caused events to take place giving rise to the claims in this Complaint. Lon Allen Bale is an owner of Buckskin's Saloon LLC and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

24. Under the FLSA, Defendant Lon Allen Bale is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Lon Allen Bale is an owner of Buckskin's Saloon LLC.

25. At all relevant times throughout Plaintiffs' and the Collective Members' employment, Lon Allen Bale had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Buckskin's Saloon LLC. As a person who acted in the interest of Buckskin's Saloon LLC in relation to the company's employees, Lon Allen Bale is subject to individual liability under the FLSA.

26. Defendant Laura Bale has caused events to take place giving rise to the claims in this Complaint. Laura Bale is an owner of Buckskin's Saloon LLC and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

27. Under the FLSA, Defendant Laura Bale is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Laura Bale is an owner of Buckskin's Saloon LLC.

28. At all relevant times throughout Plaintiffs' and the Collective Members' employment, Laura Bale had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Buckskin's Saloon LLC. As a person who acted in the interest of Buckskin's Saloon LLC in relation to the company's employees, Laura Bale is subject to individual liability under the FLSA.

## FACTUAL ALLEGATIONS

29. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

30. Plaintiff was hired by the Defendants to perform labor at the Defendants' bar.

31. Plaintiff, in her work for the Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

32. At all relevant time, Plaintiff, in her work for the Defendants, was engaged in commerce or the production of goods for commerce.

33. At all relevant times, Plaintiff, in her work for the Defendants, was engaged in interstate commerce.

34. Plaintiff was employed by the Defendants as a server.

35. Pursuant to the FLSA, 29 U.S.C. § 203(m), and Colorado wage and hour law, employers may impose a tip credit on their tipped employees' wages, on the condition that, among other requirements, such employees have been informed by the employer of the provisions of 29 U.S.C. § 203(m).

36. The Defendants paid Plaintiff a sub-minimum wage, ostensibly according to the tip-credit provisions of the FLSA, which allow an employer to pay an hourly wage less than the statutory minimum wage, provided that the employer complies with the requirements of the tip-credit provisions of 29 U.S.C. § 203(m). However, the Defendants did not comply with the requirements of the

tip-credit provisions and thus cannot avail themselves of the tip-credit provisions of the FLSA.

37. For all hours for which Plaintiff was paid by the Defendants, her rate of pay rate was the sub-minimum tip credit wage.

38. Defendants failed to inform Plaintiff of the provisions of 29 U.S.C. § 203(m) at any time over the duration of her employment with Defendants. As such, the Defendants were not entitled to impose any tip credit upon Plaintiff's wages, and the Defendants should have therefore paid the full Colorado minimum wage to Plaintiff for all time Plaintiff worked during the course of her regular 40-hour workweeks.

39. The Defendants engaged in the regular practice of requiring Plaintiff to clock out and perform between one and two hours of non-tipped labor per shift before allowing her to leave. During such time, the Defendants did not record the time that Plaintiff worked, and the Defendants did not compensate Plaintiff for such time that Plaintiff worked. As such, Defendants' records of Plaintiff's time worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiff to work. Furthermore, during this time, Plaintiff was not able to earn wages or tips or any other form of compensation.

40. The Defendants withheld Plaintiff's two final paychecks from her.

41. The Defendants' withholding of Plaintiff's paycheck resulted in their failure to compensate her at the least applicable minimum wage for the final workweeks of her employment.

42. As such, full minimum wage for such time is owed to Plaintiff for the entire time she was employed by the Defendants.

43. As a result of the Defendants' failure to notify Plaintiff of the tip credit provisions of the 29 U.S.C. § 203(m), the Defendants failed to compensate Plaintiff minimum wage for all hours worked, in violation of 29 U.S.C. § 206(a).

44. As a result of the Defendants' withholding o Plaintiff's paychecks, the Defendants failed to compensate Plaintiff minimum wage for all hours worked, in violation of 29 U.S.C. § 206(a).

45. As a result of the Defendants' requirement that Plaintiff perform work while off the clock, Defendants failed to compensate Plaintiff minimum wage for all hours worked, in violation of 29 U.S.C. § 206(a).

46. As a result of the Defendants' failure to notify Plaintiff of the tip credit provisions of the 29 U.S.C. § 203(m), the Defendants failed to compensate Plaintiff minimum wage for all hours worked, in violation of the CMWA, C.R.S. § 8-6-104.

47. As a result of the Defendants' withholding of Plaintiff's paychecks, the Defendants failed to compensate Plaintiff minimum wage for all hours worked, in violation of the CMWA, C.R.S. § 8-6-104.

48. As a result of the Defendants' requirement that Plaintiff perform work while off the clock, Defendants failed to compensate Plaintiff minimum wage for all hours worked, in violation of the CMWA, C.R.S. § 8-6-104.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY MINIMUM WAGE (NO TIP CREDIT NOTICE)**

49. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50. The Defendants did not inform Plaintiff of the provisions of the "tip credit" in 29 U.S.C. § 203(m).

51. As a result, the Defendants were not entitled to take a tip credit against Plaintiff's minimum wages.

52. The Defendants failed and/or refused to pay Plaintiff the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiff worked for the Defendants, for the duration of her employment, in violation of 29 U.S.C. § 206(a).

53. As such, full applicable minimum wage for such time Plaintiff worked is owed to Plaintiff for the entire time she was employed by the Defendants.

54. Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Courtney Greer, respectfully requests that this Court grant relief in Plaintiff's favor, and against the Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

**COUNT TWO: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY MINIMUM WAGE (OFF-CLOCK WORK)**

55. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56. The Defendants engaged in the regular practice of requiring Plaintiff to clock out and perform between one and two hours of non-tipped labor per shift before allowing her to leave.

57. During this time, Plaintiff was not able to earn wages or tips or any other form of compensation.

58. During this time, the Defendants did not record the time that Plaintiff worked, and the Defendants did not compensate Plaintiff for such time that Plaintiff worked.

59. As such, Defendants' records of Plaintiff's time worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiff to work.

60. The Defendants' failure to pay Plaintiff the applicable minimum wage for this time violated the FLSA, 29 U.S.C. § 206.

61. As such, the full applicable minimum wage for such time Plaintiff and performed work while off the clock is owed to Plaintiff for such time.

62. Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Courtney Greer, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT THREE: FAIR LABOR STANDARDS ACT FAILURE TO PAY MINIMUM WAGE (PAYCHECK WITHHOLDING)

63. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64. The Defendants withheld the final two paychecks of Plaintiff's employment.

65. The Defendants' withholding of Plaintiff's paycheck resulted in their failure to compensate her at the least applicable minimum wage for the final four workweeks of her employment.

66. The Defendants' failure to pay Plaintiff the applicable minimum wage for this time violated the FLSA, 29 U.S.C. § 206.

67. As such, the full applicable minimum wage for such paychecks is owed to Plaintiff for such time.

68. Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Courtney Greer, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT FOUR: COLORADO MINIMUM WAGE ACT FAILURE TO PAY MINIMUM WAGE

69. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

71. The Defendants engaged in the regular practice of requiring Plaintiff to clock out and perform between one and two hours of non-tipped labor per shift before allowing her to leave.

72. During this time, Plaintiff was not able to earn wages or tips or any other form of compensation.

73. During this time, the Defendants did not record the time that Plaintiff worked, and the Defendants did not compensate Plaintiff for such time that Plaintiff worked.

74. As such, Defendants' records of Plaintiff's time worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiff to work.

75. The Defendants also withheld the final two paychecks of Plaintiff's employment.

76. The Defendants' withholding of Plaintiff's paycheck resulted in their failure to compensate her at the least applicable minimum wage for the final four workweeks of her employment.

77. The Defendants' failure to pay Plaintiff the applicable minimum wage for this time violated the CMWA, C.R.S. § 8-6-104.

78. As such, the full applicable minimum wage for such time Plaintiff and performed work while off the clock is owed to Plaintiff for such time.

79. Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Courtney Greer, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this October 24, 2017.

THE BENDAU LAW FIRM, PLLC

By: /s/ *Clifford P. Bendau, II*

Clifford P. Bendau, II (CO No. 48943)
THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
info@bendaulaw.com